### In re Meacham
*[Cite as 8 AOA 216]*

*Case No. CA-8189*
*Stark County, (5th)*
*Decided December 3, 1990*

*Rosemary G. Rubin, 1428 North Market Avenue, Canton, Ohio 44714, for Appellee.*

*Gerald B. Golub, Senior Citizens Law Center, 306 North Market Avenue #730, Canton, Ohio 44702*

GWIN, J.

Appellant, Alfred Thomas, appeals from the judgment entered in the Stark County Court of Common Pleas, Family Court Division, wherein the court overruled appellant's motion to vacate a judgment awarding temporary custody of Mary Katherine Meacham, born 9/13/83, Megan Denise Mecham, born 11/8/84, and Mikaeli Victoria Mecham, born 9/3/86, to their maternal great aunt and uncle, Ruth and Edward Mathews (appellees). Appellant assigns the following as error:

I. THE DUE PROCESS CLAUSE AND EQUAL PROTECTION CLAUSE WAS VIOLATED WHEN THE COURT RULED THAT THE PUTATIVE FATHER WAS NOT ENTITLED TO BE SERVED WITH A COPY OF THE MOTION.

II. THE TRIAL COURT ERRED BY NOT VACATING THE JUDGMENT ENTRY THAT WAS BASED UPON A COMPLAINT THAT HAD TO BE VERIFIED.

III. THE TRIAL COURT ERRED IN NOT GRANTING THE MOTION TO VACATE BECAUSE THE COURT LACKED JURISDICTION TO HEAR THE MOTION FOR CHANGE OF CUSTODY BECAUSE APPELLEE FAILED TO FILE THE AFFIDAVIT REQUIRED BY THE UNIFORM CHILD CUSTODY JURISDICTION ACT (Sec. 3109.27 O.R.C.).

IV. THE COURT DENIED APPELLANT DUE PROCESS OF LAW IN VIOLATION OF THE FOURTEENTH AMENDMENT OF THE UNITED STATES CONSTITUTION BY DENYING FINAL ORAL ARGUMENTS WHICH THE COURT HAD EARLIER ORDERED.

Following the death of their natural mother, Ann Meacham, on March 23, 1987, temporary custody of the minor children was granted to the maternal grandmother, Mary Mecham, on May 5, 1987. Appellant claimed, through a sworn and notarized affidavit filed May 28, 1987, that he was the natural father

of the minor children, that he and the children's natural mother lived together without the benefit of marriage from January 1983, until the mother's death, that the children resided with him and their mother, and that he actively participated in the children's upbringing from the dates of their births until the mother's death.

On May 29, 1987, the trial court ordered that temporary custody remain with the maternal grandmother but granted appellant reasonable visitation with the minor children. On September 14, 1987, appellant again filed a sworn affidavit admitting that he was the minor children's natural father.

On September 29, 1987, the trial court overruled appellant's motion that the maternal grandmother be found in contempt of the prior visitation orders, suspended visitation pending an investigation into the maternal grand-mother's allegations that appellant sexually abused the children, and ordered that the Stark County Department of Human Services monitor the placement of the children.

The record remained silent until January 16, 1990, when appellees filed a motion for change of temporary custody of the minor children because of the maternal grandmother's death on January 7, 1990. Appellees' sole attempt at serving appellant by certified mail proved unsuccessful. Following a hearing, the trial court on February 2, 1990, found that it was in the best interests of the minor children to be placed in the temporary custody of appellees.

On February 12, 1990, appellant moved the trial court to vacate the latest temporary custody order for appellees' failure to properly serve appellant with the custody pleadings and for appellees' failure to comply with the rules regarding custody charges. On April 4, 1990, the trial court entered judgment overruling appellant's motion to vacate stating:

"A hearing was held on Mr. Thomas' motion to vacate on March 5, 1990. Counsel for Mr. Thomas submitted a brief in support of that motion to vacate on March 16, 1990, and counsel for Ruth and Edward Matthews filed a response brief on March 21, 1990. The Court finds that upon a review of the file and upon a review of the memorandums in regard to the motion to vacate, no further hearing is necessary in regard to that motion to vacate.

"The Juvenile Rules indicate that a parent must be served with notice of a hearing, but Alfred Thomas has done nothing to establish the fact that he is a parent of these three children. Therefore, it is not required by law, that Alfred Thomas be served with a copy of a motion for custody in regard to these children."

We now turn to appellant's assignments of error.

## I

Through his first assignment, appellant claims that the trial court erred in finding that he was not entitled to service of the custody pleadings and in overruling his motion to vacate the temporary custody order in favor of appellees. For the reasons that follow, we find that appellant was entitled to be served with the custody pleadings.

Juv. R. 10(B) (2) requires a custody complaint to include the name and address of a parent, guardian, or custodian of a child, if such name and address is known. Therefore, the issue before us is whether appellant is a "parent" as contemplated by Juv. R. 10 which requires a parent to be notified of custody proceedings.

The record before us contains only uncontradicted evidence, by means of appellant's affidavits, that appellant is the admitted natural father.[1] However, appellant has done nothing to legitimate his children.

As stated in *In Re Byrd* (1981), 66 Ohio St. 2d 334, "there are three methods in Ohio by which a father can legitimate his child: (1) in an acknowledgement proceeding brought under R.C. 2105.18; (2) by adopting the child; or (3) by marrying the mother." Unfortunately, all these methods require the mother's consent and such is impossible here. *Id.*

Although legitimacy is a "preferred goal," legitimation is not required for standing in custody proceedings under R.C. 2151.23(A) (2). *Id.* In *Stanley v. Illinois* (1972), 405 U.S. 645, it was held that the due process clause of the Fourteenth Amendment was violated and equal protection of the law under the Constitution of the United States was denied when states distinguished between the legitimacy Status of children, thereby affecting their or their natural parents' substantial rights.[2] Thus, the law requires that a natural father be notified of custody proceedings involving his children and be given an opportunity to be heard.

In Ohio, the best interest of a child is the main concern in custody proceedings. *Gishwiler v. Dodez* (1855), 4 Ohio St. 615; *In Re Cunningham* (1979), 59 Ohio St. 2d 100; *In Re Hua* (1980), 62 Ohio St. 2d 227; *Byrd, supra.* For that reason also, Ohio does not require legitimation in custody proceedings because "such a requirement would not necessarily be in the best interests of the child, and would, in fact, result in dissimilar treatment between legitimate and illegitimate children." *Byrd, supra.*

Accordingly, we hold that where there is uncontradicted evidence before the court that there is an admitted natural father of minor children in a pending custody proceeding, it is in the best interests of the children and a requirement of the law that said father, whether or not he has legitimated his children, be notified of the custody action and be given an opportunity to be heard.

Therefore, we sustain this first assignment.

## II

We sustain appellant's second assignment in that appellees failed to file a sworn statement regarding their change of custody as required by Local R. 35.02.

## III

We overrule appellant's third assignment for the record indicates that the required U.C.C.J.A. affidavit pursuant to R.C. 3109.27 was filed.

## IV

For the reasons stated under the first assignment, we sustain this final assignment.

For the foregoing reasons, we find that the trial court abused its discretion in overruling appellant's motion to vacate its temporary custody order in appellees, favor after finding that appellant was not entitled by law to notice of the custody proceeding involving his children. We therefore reverse the trial court's judgment overruling the motion to vacate, remand this cause to that court for a new hearing on appellees' motion for temporary custody, and hereby order the minor children remain in the temporary custody of appellees pending further proceedings in accordance with this opinion.

MILLIGAN, P.J., and SMART, J., concur.

---

[1] Appellant is not the "putative. father" of the children in question but is the admitted natural father. See

*E.V.T.* (1973), 124 N.J. *supra*, 535, where that court explained that a "putative father" is one who is accused, alleged or reputed to be the father of an illegitimate child whereas a "natural" father is one who admits paternity or has been adjudicated same. Also, see *Black's Law Dictionary*, Fifth Edition, 1979, where a putative father is defined as "the alleged or reputed father of an illegitimate child."

[2] In *Stanley*, the only evidence that Peter Stanley was the natural father of the children involved was his uncontradicted testimony. *Stanley, supra*, at footnote 1.